Requestor: Robert C. Mulvey, Esq., County Attorney Tompkins County County Courthouse Ithaca, New York 14850
Written by: James D. Cole, Assistant Attorney General in Charge of opinions
You have asked whether a person may serve simultaneously as a member of the county board of representatives and as the chair of the community mental health services board. Your letter indicates that the chair of the community mental health services board was elected to a seat on the county board of representatives and wishes to continue as the chair.
Article 41 of the Mental Hygiene Law is designed to enable and encourage local governments to develop, improve and to expand existing community programs for the mentally ill, the mentally retarded and the developmentally disabled, and those suffering from the diseases of alcoholism and substance abuse (Mental Hygiene Law, §41.01). To further the development for each community of a unified system for the delivery of such services, local governments have been given the opportunity to participate in State-local development of such services by means of a unified services plan (ibid.).
As part of this program, local governments are given the authority to establish community services boards composed of either nine or fifteen members to be appointed by the local government (id., § 41.11[a]). The members of a board are described by State law.
 "Whenever practicable at least one member shall be a licensed physician and one member shall be a certified psychologist and otherwise at least two members shall be licensed physicians, such members to have demonstrated an interest in the field of services for the mentally disabled" (ibid..).
The other members of the board must represent community interest in the problems of the mentally disabled and are to include representatives from community agencies for the mentally ill, the mentally retarded and developmentally disabled and those suffering from alcoholism and substance abuse (ibid.). (Separate provisions exist for New York City [id., § 41.11(b)].)
Section 41.11 provides that
 "[a] person's public office or employment shall not bar appointment as a member of a board or subcommittee, nor shall membership serve as a bar to other public office or employment" (id., § 41.11[c]).
Thus, under this provision membership on a community services board does not serve as a bar to holding other public office. It follows that membership on a community services board does not disqualify a person from also serving as a member of a county board of representatives. We note that the member of the board of representatives serving on the community services board should not take part in the board of representatives' decision as to whether to reappoint him to the community services board.
We conclude that the chair of a community services board may simultaneously hold the office of member of the county board of representatives.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.